UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAMMY L. YAWN,

    Plaintiff,

v.                                         Case No:  2:13-cv-478-FtM-38UAM

VILES AND BECKMAN, LLC, a Florida
professional limited liability company,
MICHAEL L. BECKMAN, individually,
and MARCUS W. VILES, individually,

    Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on Plaintiff Tammy L. Yawn ("Plaintiff") and Defendants Viles and Beckman, LLC, Micheal Beckman, and Marcus W. Viles' ("Defendants") Joint Motion for Approval of Settlement Agreement for Tammy L. Yawn (Doc. 21) filed on September 11, 2013.  The parties are requesting that the Court approve the parties' Settlement Agreement and General Release ("Settlement Agreement") (Doc. 23-1) and dismiss the action with prejudice.  For the reasons explained below, the Court respectfully recommends that the parties' motion be **GRANTED**.

    Plaintiff filed her Complaint (Doc. 1) against Defendants on June 26, 2013, alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay her for certain overtime wages.  A mediation conference was held on August 28, 2013, and on August 29, 2013, the parties filed a Mediation Report (Doc. 18) notifying the Court that the parties had completely settled the case.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

In this case, Plaintiff was employed by Defendants from about February 2001 through about April 29, 2013. (Doc. 1 p. 2). Plaintiff was initially hired as a legal assistant and became a paralegal at least three years prior to the filing of her complaint. (Doc. 1 p. 2). Plaintiff alleges that she was never paid overtime compensation despite routinely working overtime at the direction or knowledge of, and for the benefit of Defendants. (Doc. 1 p. 2). Defendants denied Plaintiff's allegations and raised a number of affirmative defenses, including the defense that Plaintiff is not entitled to overtime compensation because she was exempt from FLSA's overtime provisions. (Doc. 9 p. 3).

Pursuant to the Settlement Agreement, Plaintiff will receive $2,500.00 as payment in full of the wages Plaintiff claims were due to her for Defendants' alleged FLSA violations, and Plaintiff will receive $2,500.00 in satisfaction for her claim for liquidated damages. (Doc. 23-1 p. 1). Given this amount and the filings in the case, there is no evidence of collusion. Defendants' affirmative defenses were not frivolous and the probability of Plaintiff's success

on the merits was uncertain. For these reasons, the Court finds that the settlement is a fair and reasonable resolution of Plaintiff's bona fide dispute.

Additionally, the parties have agreed to pay counsel for Plaintiff $9,000.00 in attorneys' fees and costs. (Doc. 23-1 p. 1). Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." Judge Presnell concluded that

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.

Here, the Court does not find that the fees to be paid to Plaintiff's counsel make the Settlement Agreement unreasonable on its face. Defendants do not contest the fees to be paid to Plaintiff's counsel and have joined in the instant motion to approve the settlement agreement. For these reasons, the Court finds the parties' Settlement Agreement and General Release to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the parties' Joint Motion for Approval of Settlement Agreement (Doc. 17) be **GRANTED** and the Settlement Agreement (Doc. 23-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the Plaintiff's FLSA claim. The Court further recommends that if the District Court adopts this Report and Recommendation, and the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** in Chambers in Ft. Myers, Florida on September 23, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties